◼ JEANETTE GURRERI, Respondent, v VILLAGE OF BRIARCLIFF MANOR, Appellant. [671 NYS2d 346] —In an action, *inter alia,* to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 4, 1997, which granted the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment on the issue of liability upon the defendant's default in answering the complaint.

Ordered that the order is affirmed, with costs.

In order to successfully oppose a motion for leave to enter a default judgment based upon the failure to serve an answer, the defendant must demonstrate a reasonable excuse for its

delay and the existence of a meritorious defense (see, *Siu Lung Cheng v Leader Jewelry Corp.,* 246 AD2d 526; *Miles v Blue Label Trucking,* 232 AD2d 382). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller,* 201 AD2d 706).

Here, the record discloses that the plaintiff's attorney repeatedly notified the defendant's attorneys that the defendant was in default, but that the defendant did not attempt to serve an answer until the plaintiff moved for leave to enter a default judgment. The defendant failed to offer a reasonable excuse for its lengthy delay in serving an answer, and has not demonstrated the existence of a meritorious defense to the plaintiff's cause of action to recover damages for personal injuries. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to enter a default judgment (see, *Jacobowitz & Gubits v Duffy,* 236 AD2d 446; *Bray v Luca,* 233 AD2d 284; *Genen v McElroy,* 213 AD2d 511). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.