■ MARIE J. MANIGAT, Respondent, v ANTONINE K. LOUIS et al., Appellants. [691 NYS2d 559] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 5, 1998, which denied their motion to vacate a judgment of the same court, dated April 16, 1998, entered upon their default in answering.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate a judgment entered upon his or her default in answering a complaint must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see, Gurreri v Village of Briarcliff Manor,* 249 AD2d 508; *Siu Lung Cheng v Leader Jewelry Corp.,* 246 AD2d 526). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller,* 201 AD2d 706, 707). Here, the defendants failed to offer a reasonable excuse for their lengthy delay in answering the complaint, and have not demonstrated that they possess a meritorious defense to this action, which seeks to recover damages for injuries sustained by a child who was diagnosed with lead poisoning while living in a multiple dwelling owned by them (*see,* Multiple Dwelling Law § 4 [7]; *Juarez v Wavecrest Mgt. Team,* 88 NY2d 628). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendants' motion to vacate their default. Friedmann, J. P., Krausman, McGinity and Feuerstein, JJ., concur.