SECOND DEPARTMENT, NOVEMBER, 2001

(November 5, 2001)

■ FELICIA ANIFOWOSE, Appellant, v HENRY RUBIANO, Respondent. [732 NYS2d 372] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated January 23, 2001, which denied her motion for leave to enter a judgment in her favor on the issue of liability upon the defendant's default in appearing or answering, and granted the defendant's cross motion to compel her to accept an answer.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, and the cross motion is denied.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to enter judgment in her favor on the issue of liability upon the defendant's default in appearing or answering and in granting the cross motion compelling her to accept the defendant's answer. The defendant failed to demonstrate either a reasonable excuse for the delay in serving his answer or a meritorious defense (*see, Feiger v Milgrom,* 270 AD2d 452; *Gurreri v Village of Briarcliff Manor,* 249 AD2d 508). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.

■ AMJED ANNABI, Appellant, v JOSEPH P. CASSINO, Respondent. [732 NYS2d 375] —In an action, *inter alia,* to recover damages for violation of Executive Law § 296 (16), the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), dated May 23, 2000, which denied his motion for summary judgment.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion for summary judgment since there are issues of fact as to whether the termination of the plaintiff's employment was in violation of Executive Law § 296 (16) (*see, Bacchi v Fritz Cos.,* 271 AD2d 558). Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.