■ HUDSON CITY SAVINGS BANK, Appellant, v JEAN COHEN et al., Respondents, et al., Defendants. [993 NYS2d 66]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 4, 2012, which granted those branches of the motion of the defendants Jean Cohen and Julius Cohen which were, in effect, pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale dated June 1, 2011, upon their failure to appear or answer the complaint, and to set aside the sale of the subject property.

Ordered that the order is affirmed, with costs.

In December 2010, the plaintiff commenced this action to foreclose a mortgage. On June 1, 2011, the Supreme Court issued a judgment of foreclosure and sale upon the failure of the

defendants Jean Cohen and Julius Cohen (hereinafter together the Cohen defendants) to appear or answer the complaint. At the foreclosure sale held in July 2011, the plaintiff was the highest bidder and acquired title to the subject property. In May 2012, the Cohen defendants moved, inter alia, in effect, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale and to set aside the sale. The Supreme Court, inter alia, granted those branches of their motion, invoking the court's inherent power to vacate a judgment in the interest of substantial justice.

" 'A foreclosure action is equitable in nature and triggers the equitable powers of the court' " (*Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701, 701 [2012], quoting *Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d 948, 948 [2009]). "Under CPLR 5015 (a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

"In addition to the grounds set forth in section 5015 (a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (*id.*; *see Nationscredit Fin. Servs. Corp. v Atherley*, 91 AD3d 922, 922 [2012]; *Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 884, 885 [2011]; *Katz v Marra*, 74 AD3d 888, 891 [2010]). Indeed, the drafters of CPLR 5015 (a) "intended that courts retain and exercise their inherent discretionary power in situations that warranted vacatur but which the drafters could not easily foresee" (*Woodson v Mendon Leasing Corp.*, 100 NY2d at 68).

"The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*Manigat v Louis*, 262 AD2d 289, 289 [1999]; *see Tobin v Perlmutter*, 288 AD2d 210, 210 [2001]).

Under the unique circumstances of this case, the Supreme Court providently exercised its discretion in vacating the judgment of foreclosure and sale entered on the default of the Cohen defendants "in the interests of substantial justice" (*Nationscredit Fin. Servs. Corp. v Atherley*, 91 AD3d at 922 [internal quotation marks omitted]). The documentary evidence submitted in support of the motion raises issues including, among others, whether the plaintiff had "knowledge of facts that would lead a reasonable, prudent lender to make inquiries of the cir-

cumstances of the transaction at issue" (*LaSalle Bank Natl. Assn. v Ally*, 39 AD3d 597, 600 [2007]; *see Fischer v Sadov Realty Corp.*, 34 AD3d 630, 631 [2006]).

The plaintiff's remaining contention, that vacatur should have been denied on the ground that the Cohen defendants were seeking the same relief as plaintiffs in a separate plenary action, is without merit (*see James v Shave*, 62 NY2d 712, 714 [1984]; *Egloff v Town of Lewisboro*, 89 AD3d 792, 793 [2011]; *Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 83 AD3d 1060, 1061 [2011]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.