■ JOSE BELLO, Plaintiff, and SIXTA RODRIGUEZ, Appellant, v RONALD B. LOSNER et al., Defendants. U.S. BANK NATIONAL ASSOCIATION, Nonparty Respondent. [17 NYS3d 877]—In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff Sixta Rodriguez appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered July 17, 2013, as granted those branches of the motion of nonparty U.S. Bank National Association which were pursuant to CPLR 306-b and 3215 (c)

to dismiss the complaint, in effect, insofar as asserted against its predecessors in interest.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Nonparty U.S. Bank National Association (hereinafter the Bank) is the successor in interest to the defendant mortgagee, Approved Funding Corp. (hereinafter AFC) and AFC's nominee, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS) (*see generally* CPLR 1018). In support of that branch of its motion which was pursuant to CPLR 306-b, the Bank contended that AFC and MERS had not been served with copies of the summons and complaint within 120 days after the commencement of the action. In opposition, the appellant failed to submit any proof that AFC and MERS had been served with process at any time, and likewise failed to demonstrate that AFC, MERS, or their successor in interest, the Bank, waived any objection to personal jurisdiction. Accordingly, the Supreme Court properly granted that branch of the Bank's motion which was pursuant to CPLR 306-b to dismiss the complaint, in effect, insofar as asserted against AFC and MERS (*see Waggaman v Vernon*, 123 AD3d 1110, 1110-1111 [2014]).

The parties' remaining contentions either are without merit, have been rendered academic in light of our determination, or need not be addressed. Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.