■ U.S. Bank National Association, Respondent, v Ronald B. Losner et al., Defendants, and Sixta Rodriguez, Appellant. [44 NYS3d 467]—

In an action to foreclose a mortgage, the defendant Sixta Rodriguez appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered August 10, 2015, as denied that branch of her motion which was pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court entered July 11, 2008, upon her failure to appear or answer the complaint.

Ordered that the order entered August 10, 2015, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant Sixta Rodriguez which was pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale is granted.

The plaintiff commenced this action in 2007 to foreclose two mortgages on a residential property in Ozone Park. In 2006, a year before this action was commenced, the appellant, Sixta Rodriguez, and Jose Bello commenced an action to quiet title to the subject property. They alleged that Ronald B. Losner, a codefendant in the instant foreclosure action, fraudulently induced them to convey title to the subject property to him by representing that a document he gave them to sign as a mortgage loan agreement was, in fact, a deed to the property. After he obtained title to the property, Losner obtained two loans, secured by mortgages against the property, from the plaintiff's predecessor-in-interest, Approved Funding Corp. (hereinafter AFC), and then defaulted on the loans. The action to quiet title named AFC as a defendant.

In the instant foreclosure action, Rodriguez and Bello were initially designated as Jane Doe and John Doe, respectively, occupants of the subject property, and were served as such with the summons and complaint. They did not appear or answer.

The Supreme Court later granted the plaintiff's motion to amend the complaint to substitute Rodriguez and Bello as defendants, and to appoint a referee to compute the amount due under the notes and mortgages, and in July of 2008 the plaintiff obtained a default judgment of foreclosure and sale of the subject property.

The plaintiff was initially prevented from selling the property by a preliminary injunction granted in the action to quiet title. However, in 2013, the plaintiff successfully moved in the action to quiet title pursuant to CPLR 306-b and 3215 (c) to dismiss the complaint in that action insofar as asserted against AFC for lack of proper service. Rodriguez appealed, and this Court affirmed (*see Bello v Losner*, 132 AD3d 794 [2015]). Rodriguez then moved in this action, inter alia, pursuant to CPLR 5015 (a) to vacate the judgment of foreclosure and sale. The Supreme Court denied the motion, and Rodriguez appeals.

"Under CPLR 5015 (a), a court is empowered to vacate a default judgment for several reasons, including excusable neglect; newly-discovered evidence; fraud, misrepresentation or other misconduct by an adverse party; lack of jurisdiction; or upon the reversal, modification or vacatur of a prior order" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *see Hudson City Sav. Bank v Cohen*, 120 AD3d 1304, 1305 [2014]). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*Manigat v Louis*, 262 AD2d 289, 289 [1999] [internal quotation marks omitted]; *see Hudson City Sav. Bank v Cohen*, 120 AD3d at 1305; *Tobin v Perlmutter*, 288 AD2d 210 [2001]).

"Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), and seeks a discretionary vacatur pursuant to CPLR 5015 (a) (1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*HSBC Bank USA, N.A. v Dalessio*, 137 AD3d 860, 862-863 [2016] [internal quotation marks omitted]; *see Wachovia Bank, N.A. v Greenberg*, 138 AD3d 984, 985 [2016]; *Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047 [2015]; *Roberts v Anka*, 45 AD3d 752 [2007]).

Here, while Rodriguez concedes that she received the summons and complaint, she contends that she was not properly served because the plaintiff failed to show that it made a genuine effort to identify her, and because she should have

been named and served as a necessary party pursuant to CPLR 1001 (a). These contentions are without merit.

CPLR 1024 permits "[a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party" to "proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." Here, the Bank complied with the statute by moving to amend the complaint to substitute Rodriguez's name less than five months after commencing this foreclosure action. While it is true that "[i]n order to employ the procedural 'Jane Doe' or 'John Doe' mechanism made available by CPLR 1024, a plaintiff must show that he or she made timely efforts to identify the correct party before the statute of limitations expired" (*Holmes v City of New York*, 132 AD3d 952, 953 [2015]; *see Luckern v Lyonsdale Energy Ltd. Partnership*, 229 AD2d 249, 253 [1997]; *Porter v Kingsbrook OB/GYN Assoc.*, 209 AD2d 497 [1994]; *ABKCO Indus. v Lennon*, 52 AD2d 435, 441-442 [1976]), the motion to amend was made within the limitations period. Further, contrary to Rodriguez's contention, she was joined as a party, first as Jane Doe, described in the caption as one of "parties intended being possible tenants or occupants of premises," and less than five months later, as a named defendant. Moreover, unlike the defendants in the cases she cites, Rodriguez was personally served with the summons and complaint (*cf. 1426 46 St., LLC v Klein*, 60 AD3d 740, 742 [2009]; *Matter of SI Bank & Trust v Sheriff of City of N.Y.*, 300 AD2d 667 [2002]; *6820 Ridge Realty v Goldman*, 263 AD2d 22, 26 [1999]). Accordingly, the Supreme Court properly rejected Rodriguez's personal jurisdiction argument.

Nevertheless, we find that the Supreme Court improvidently exercised its discretion in denying the motion to vacate the default judgment.

"In addition to the grounds set forth in section 5015 (a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (*Woodson v Mendon Leasing Corp.*, 100 NY2d at 68, citing *Ladd v Stevenson*, 112 NY 325, 332 [1889]; *see Hudson City Sav. Bank v Cohen*, 120 AD3d at 1305). Moreover, "[a] foreclosure action is equitable in nature and triggers the equitable powers of the court" (*Deutsche Bank Natl. Trust Co. v Luden*, 91 AD3d 701, 701 [2012] [internal quotation marks omitted]; *see Notey v Darien Constr. Corp.*, 41 NY2d 1055, 1055-1056 [1977]; *US Bank N.A. v Williams*, 121

AD3d 1098, 1101-1102 [2014]; *Norwest Bank Minn., NA v E.M.V. Realty Corp.*, 94 AD3d 835, 836 [2012]; *Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d 948 [2009]). "Once equity is invoked, the court's power is as broad as equity and justice require" (*Norstar Bank v Morabito*, 201 AD2d 545, 546 [1994]; *see Mortgage Elec. Registration Sys., Inc. v Horkan*, 68 AD3d at 948). Thus, a court may rely on "its inherent authority to vacate [a judgment] in the interest of substantial justice, rather than its statutory authority under CPLR 5015 (a)," as the "statutory grounds are subsumed by the court's broader inherent authority" (*Matter of Adelson*, 84 AD3d 952, 953 [2011]).

Under the unique circumstances of this case, we find that Rodriguez was entitled to vacatur of the judgment of foreclosure and sale entered upon her default in the interest of substantial justice (*see Wells Fargo Bank v Hodge*, 92 AD3d 775, 775-776 [2012]; *Nationscredit Fin. Servs. Corp. v Atherley*, 91 AD3d 922 [2012]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.