Countrywide Bank, FSB v Singh (2019 NY Slip Op 04353)





Countrywide Bank, FSB v Singh


2019 NY Slip Op 04353


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-05663
 (Index No. 28609/08)

[*1]Countrywide Bank, FSB, plaintiff, 
v
Charan Jit Singh, respondent, et al., defendants; Christiana Trust, etc., nonparty-appellant.


Friedman Vartolo, LLP, New York, NY (Oran Schwager of counsel), for nonparty-appellant.
Patacca & Associates, P.C., Williston Park, NY (Kevin McDermott of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Christiana Trust, as assignee of the plaintiff, Countrywide Bank, FSB, appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), dated February 23, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of dismissal and to restore the action to the active calendar.
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate the order of dismissal and to restore so much of the action as sought to recover the principal balance on the subject loan and interest accrued through July 8, 2009, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On July 17, 2006, the defendant Charan Jit Singh (hereinafter the defendant) executed a promissory note in the sum of $640,500 in favor of Countrywide Bank, N.A., which was later renamed Countrywide Bank, FSB (hereinafter Countrywide). The note was secured by a mortgage on certain real property in Queens. On November 24, 2008, Countrywide commenced this foreclosure action, alleging that the defendant defaulted on his loan repayment obligations as of June 1, 2008. On January 5, 2009, the defendant filed a verified answer.
On February 3, 2009, Countrywide moved, inter alia, for summary judgment striking the defendant's answer, for a default judgment in its favor against the remaining defendants, and to appoint a referee to compute the sum due and owing to it. While that motion was pending, Countrywide and the defendant entered into a stipulation dated June 8, 2009, which was "so ordered" by the Supreme Court, in which the defendant agreed to withdraw his answer and consented to an order awarding summary judgment to Countrywide in exchange for Countrywide waiving its right to seek a deficiency judgment against the defendant. By order dated December 6, 2010, even though Countrywide and the defendant had already stipulated to an order awarding summary judgment to Countrywide, the court denied Countrywide's motion for summary judgment without prejudice for [*2]failure to comply with administrative order (hereinafter AO) 548/10 of the Chief Administrative Judge of the Courts, despite the fact that AO 548/10 was not promulgated until approximately 20 months after Countrywide filed its motion. The order dated December 6, 2010, allowed Countrywide until February 4, 2011, to re-file its motion, but Countrywide never re-filed the motion. Countrywide did not appeal from this order.
On December 17, 2014, the Supreme Court conducted a status conference and entered an order (hereinafter the status conference order) directing Countrywide to file by January 28, 2015, a "Foreclosure Affirmation/Certificate of Merit" pursuant to AO 208/13 (a successor to AO 548/10), and an application for an order of reference. Countrywide failed to do so, and by order dated January 28, 2015, the court directed the dismissal of the action without prejudice and the cancellation of a notice of pendency related to the mortgaged property (hereinafter the dismissal order).
In May 2015, Countrywide moved, inter alia, to vacate the dismissal order and to restore the action to the active calendar. In an attorney statement submitted in support of the motion, Countrywide stated that it did not comply with the status conference order because it was "waiting for additional documentation so the affidavit of indebtedness could be executed." In an order dated February 23, 2016, the court denied Countrywide's motion. Christiana Trust, the successor-in-interest and assignee of Countrywide's mortgage, appeals from the order.
"[A] court may vacate its own judgment for sufficient reason and in the interest of substantial justice" (U.S. Bank N.A. v Losner, 145 AD3d 935, 937 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948, 948; see U.S. Bank N.A v Losner, 145 AD3d at 937). "Once equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A v Losner, 145 AD3d at 938 [internal quotation marks omitted]).
Here, equity and justice require vacatur of the dismissal order in the interests of substantial justice (see U.S. Bank N.A. v Losner, 145 AD3d 935; Hudson City Sav. Bank v Cohen, 120 AD3d 1304). Christiana Trust correctly contends that the Supreme Court, after so-ordering the stipulation between the parties agreeing to the entry of summary judgment against the defendant in exchange for Countrywide waiving its right to seek a deficiency judgment against the defendant, then inexplicably and improperly applied AO 548/10 retroactively, and thereby denied Countrywide's motion for summary judgment. In light of the Supreme Court's failure to grant Countrywide's motion for summary judgment pursuant to the so-ordered stipulation, and its improper retroactive application of AO 548/10, the court should have granted that branch of its motion which was to vacate the dismissal order. Although Countrywide did not clearly advance this contention before the court, this issue can be raised for the first time on appeal because " it is one of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture'" (Chrostowaski v Chow, 37 AD3d 638, 639, quoting Beepat v James, 303 AD2d 345, 346; see Goldman & Assoc., LLP v Golden, 115 AD3d 911, 912-913). As Christiana Trust contends, the court improperly applied AO 548/10 in an "ex post facto manner" retroactively. Since AO 548/10 had not yet been promulgated when Countrywide filed its motion, inter alia, for summary judgment and an order of reference, there was no requirement that Countrywide file an attorney's affirmation to accompany the proposed order of reference (see U.S. Bank, N.A. v Ramjit, 125 AD3d 641; Flagstar Bank v Bellafiore, 94 AD3d 1044; US Bank, N.A. v Boyce, 93 AD3d 782). Moreover, the court interfered with the contractual agreement between Countrywide and the defendant by denying Countrywide's motion for summary judgment. The defendant had consented to the entry of an order granting summary judgment to Countrywide in a stipulation that was so ordered by the court. Therefore, under the circumstances of this case, vacatur was warranted in the interest of justice.
However, in light of Countrywide's dilatory conduct, inter alia, in failing either to re-file the original motion for summary judgment or to challenge the Supreme Court's order dated December 6, 2010, improperly requiring it to do so, and in failing to comply with the status conference order, Christiana Trust is not entitled to any interest accrued after July 8, 2009, 30 days after the date of the so-ordered stipulation. Therefore, we grant only that branch of Countrywide's [*3]motion which was to vacate the order of dismissal and to restore so much of the action as sought to recover the principal balance on the loan and interest accrued through July 8, 2009. Moreover, we note that, pursuant to the so-ordered stipulation, Christiana Trust's right to seek a deficiency judgment against the defendant has been waived.
MASTRO, J.P., ROMAN and MALTESE, JJ., concur.
HINDS-RADIX, J., dissents, in part, and votes to affirm the order insofar as appealed from, with the following memorandum:
On November 24, 2008, Countrywide Bank, FSB (hereinafter Countrywide), as assignee of the original mortgagee, commenced this foreclosure action, alleging that the defendant Charan Jit Singh (hereinafter the defendant) defaulted on his loan as of June 1, 2008. After issue was joined, on February 3, 2009, Countrywide moved, inter alia, for summary judgment striking the defendant's answer, for a default judgment in its favor, and to appoint a referee to compute the sum due and owing to it. While that motion was pending, Countrywide and the defendant entered into a stipulation dated June 8, 2009, which was "so ordered" by the court, in which the defendant agreed to withdraw his answer and consented to an order awarding Countrywide summary judgment in exchange for Countrywide waiving its right to seek a deficiency judgment against the defendant. Also while that motion was pending, administrative order (hereinafter AO) 548/10 was promulgated. In an order dated December 6, 2010, the Supreme Court denied Countrywide's motion for summary judgment without prejudice for failing to comply with the AO, with leave until February 4, 2011, to refile its motion in compliance with the AO. Countrywide did not appeal from this order, did not move for leave to reargue or renew, did not seek and extension of time, and did not refile its motion.
Approximately four years later, on December 17, 2014, the Supreme Court held a status conference, and issued an order directing Countrywide to file by January 28, 2015, a "Foreclosure Affirmation/Certificate of Merit" pursuant to AO 208/13 (a successor to AO 548/10), and an application for an order of reference. Countrywide failed to do so, and by order dated January 28, 2015, the court directed the dismissal of the action without prejudice and the cancellation of a notice of pendency related to the mortgaged property (hereinafter the dismissal order).
In May 2015, Countrywide moved, inter alia, to vacate the dismissal order, claiming it failed to comply with the order dated December 17, 2014, because it was "waiting for additional documentation so the affidavit of indebtedness could be executed." The order appealed from denied that motion on the ground that the "excuse for the default is woefully inadequate." Christiana Trust (hereinafter Christiana), as successor-in-interest and assignee of Countrywide's mortgage, appeals.
Countrywide proffered no reasonable excuses for its defaults, and therefore was properly denied relief pursuant CPLR 5015(a)(1). However, Christiana claims that it is entitled to relief pursuant to the power of the court to "vacate its own judgment for sufficient reason and in the interests of substantial justice" (U.S. Bank N.A. v Losner, 145 AD3d 935, 937 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). That power " is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect'" (Wells Fargo Bank, N.A. v Choo, 159 AD3d 938, 939, quoting Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; see HSBC Bank USA v Josephs-Byrd, 148 AD3d 788, 790).
An action to enforce a debt is not equitable in nature (see Wells Fargo Bank, N.A. v Goans, 136 AD3d 709). However, "[a] foreclosure action is equitable in nature and triggers the equitable powers of the court" (Rajic v Faust, 165 AD3d 716, 717 [internal quotation marks omitted]; see U.S. Bank N.A. v Losner, 145 AD3d at 937). A mortgage foreclosure action is equitable in nature because its purpose is to foreclose the right of the property owner to redeem the property—a right known as the equity of redemption (see NYCTL 1999-1 Trust v 573 Jackson Ave. Realty Corp., 13 NY3d 573). Thus, equity generally is invoked to protect the property owner's rights. In this case, Countrywide seeks to invoke the court's equitable powers to enforce the collection of a debt.
Assuming that the invocation of equitable powers is proper in this case, "[o]nce equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A. v Losner, 145 AD3d at 938), which includes preventing a wrongdoer from profiting from his or her own wrong (see Rajic v Faust, 165 AD3d at 718). However, Countrywide failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect (see Wells Fargo Bank, N.A. v Choo, 159 AD3d at 939; HSBC Bank USA v Josephs-Byrd, 148 AD3d at 790), and it did not present any evidence of wrongdoing on the part of the defendant which would justify invocation of the equitable powers of the court. Christiana points to the fact that the Supreme Court, after so-ordering the stipulation between the parties consenting to an order awarding Countrywide summary judgment in exchange for Countrywide waiving its right to a deficiency judgment, nevertheless denied Countrywide's motion for summary judgment. However, the propriety of that order is not before this court, and Countrywide was not free to ignore it. Further, when Countywide was given another chance to comply nearly four years later, it failed to do so.
Countrywide never challenged those orders. Rather it claimed in May 2015, that its delay of what was then nearly six years was because it was awaiting additional documentation with respect to the loan. Thus, it appears that Countrywide accepted that those orders were valid, but acted as though the time constraints set forth in those orders were not binding on it.
Apparently, the equity in Countrywide's favor is that there was a meritorious cause of action based upon the defendant's stipulation that there was money owed, and a failure to pay off the obligation. However, the fact that Countrywide had a meritorious cause of action did not excuse ignoring court orders and engaging in lengthy delays, which left the property subject to a lis pendens in limbo for years. Accordingly, those branches of the plaintiff's motion which were to vacate an order of dismissal and to restore the action to the active calendar were properly denied.
ENTER:
Aprilanne Agostino
Clerk of the Court