Slate Advance v Saygan Global Steel, Ltd. (2022 NY Slip Op 03761)

Slate Advance v Saygan Global Steel, Ltd.

2022 NY Slip Op 03761

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2021-06735
 (Index No. 601122/21)

[*1]Slate Advance, appellant, 
v
Saygan Global Steel, Ltd., et al., respondents.

Weinstein & Weinstein, LLP, Cedarhurst, NY (Israel D. Weinstein and Jacob Z. Weinstein of counsel), for appellant.
Amos Weinberg, Great Neck, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered August 18, 2021. The order denied the plaintiff's motion for leave to enter a default judgment and granted the defendants' cross motion, in effect, to vacate their default in answering the complaint and pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept their late answer.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant Saygan Global Steel, Ltd. (hereinafter SGS), entered into a written merchant agreement pursuant to which SGS sold and the plaintiff purchased 13% of SGS's future accounts, contract rights, and other obligations for the sum of $60,000. In exchange for the purchase, SGS was obligated to authorize the plaintiff to automatically debit $899 from its bank account each business day, until the plaintiff received the sum of $89,940. The defendant Serkan Saygan executed a personal guaranty of performance of the representations, warranties, and covenants made by SGS in the agreement.
On January 27, 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendants. The defendants failed to appear or answer the complaint. On April 13, 2021, the plaintiff moved for leave to enter a default judgment. On June 18, 2021, the defendants cross-moved, in effect, to vacate their default in answering the complaint and pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept their late answer. In their proposed answer, the defendants alleged that the agreement was a criminally usurious loan pursuant to General Obligations Law § 5-521(3) and Penal Law §§ 190.40 and 190.42. By order entered August 18, 2021, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals, and we affirm.
CPLR 5015(a) "does not provide an exhaustive list as to when a default judgment may be vacated" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). In addition to the grounds set forth in section 5015(a), a court may vacate a default "for sufficient reason and in the interests of substantial justice" (id. at 68). "'The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not [*2]be disturbed if there is support in the record therefor'" (Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305, quoting Manigat v Louis, 262 AD2d 289, 289).
Contrary to the plaintiff's contention, a party is not necessarily required to establish a reasonable excuse in order to be entitled to vacatur in the interest of justice (see e.g. Hudson City Savings Bank v Cohen, 120 AD3d at 1305; see generally Woodson v Mendon Leasing Corp., 100 NY2d at 68). Here, the Supreme Court providently exercised its discretion denying the plaintiff's motion and in granting the defendants' cross motion in the interest of justice based on their proposed affirmative defense that the agreement constituted a criminally usurious loan (see Davis v Richmond Capital Group, LLC, 194 AD3d 516; LG Funding, LLC v United Senior Props. of Olathe, LLC, 181 AD3d 664; cf. Principis Capital, LLC v I Do, Inc., 201 AD3d 752).
Accordingly, we affirm the order.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court