Dorji v Maruti Ravami, LLC (2025 NY Slip Op 02910)

Dorji v Maruti Ravami, LLC

2025 NY Slip Op 02910

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-03795
 (Index No. 714557/19)

[*1]Sangay Dolma Dorji, appellant,
v
Maruti Ravami, LLC, respondent, et al., defendant.

Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant.
Grimble & LoGuidice, LLP, New York, NY (Robert Grimble of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered March 3, 2023. The order granted the renewed motion of the defendant Maruti Ravami, LLC, to vacate a judgment of the same court entered September 22, 2022, upon its default in appearing or answering the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff was employed at a hotel located in Long Island City. The defendant Maruti Ravami, LLC (hereinafter Maruti), owns the property on which the hotel is located. On August 6, 2019, the plaintiff allegedly was injured while working at the hotel, when part of a metal door fell and hit her on the head.
The plaintiff commenced this action against Maruti and the defendant Capitol Services, Inc. On August 30, 2019, the plaintiff served Maruti by delivering the summons and complaint to the Secretary of State pursuant to Limited Liability Company Law § 303 and by personal service upon its authorized agent, Capitol Services, Inc., in Albany.
In February 2020, the plaintiff moved for leave to enter a default judgment against Maruti. By order entered March 10, 2021, the Supreme Court granted the plaintiff's unopposed motion. After an inquest at which Maruti did not appear, the court awarded the plaintiff damages in the sum of $6,000,000, and a judgment was entered September 22, 2022.
In October 2022, Maruti moved to vacate the judgment entered upon its default in appearing or answering the complaint. The Supreme Court denied Maruti's motion "without prejudice to renew upon proper papers which shall demonstrate a reasonable excuse for defaulting in this action." In January 2023, Maruti again moved to vacate the judgment. In an order entered March 3, 2023, the court granted Maruti's renewed motion. The plaintiff appeals.
Contrary to the plaintiff's contention, Maruti was not precluded from making a subsequent motion to vacate the judgment, entered upon its default in appearing or answering the [*2]complaint, on the same grounds raised in the prior motion, even without moving for leave to renew pursuant to CPLR 2221(e), because the Supreme Court denied its prior motion "without prejudice" (see World O World Corp. v Anoufrieva, 163 AD3d 610).
CPLR 5015(a) "does not provide an exhaustive list as to when a default judgment may be vacated" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "In addition to the grounds set forth in section 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (id.; see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783).
Under the unique circumstances of this case, the Supreme Court providently exercised its discretion in granting Maruti's renewed motion to vacate the judgment entered upon its default in appearing or answering the complaint in the interest of justice (see Slate Advance v Saygan Global Steel, Ltd., 206 AD3d at 783; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305).
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court