U.S. Bank N.A. v 687 King LLC (2025 NY Slip Op 06398)

U.S. Bank N.A. v 687 King LLC

2025 NY Slip Op 06398

Decided on November 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 20, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rosado, Hagler, JJ. 

Index No. 803235/21 803230/21 803227/21|Appeal No. 5214-5214A-5214B|Case No. 2024-07017 2024-07018 2024-07019|

[*1]U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2017-2
v
687 King LLC, Plaintiff-Appellant,
U.S. Bank National Association, as Trustee for Velocity Commercial Capital Loan Trust 2017-2
v
687 King LLC, Plaintiff-Appellant,

Butler, Fitzgerald & Fiveson, P.C., New York (Mark J. Kruger of counsel), for appellant.
Alonso & Facher, P.C., New York (Mark J. Alonso of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered November 15, 2024, which, upon reargument, granted defendant 687 King LLC's motion to vacate the court's October 17, 2022 amended order granting plaintiff a default judgment, and deemed King's proposed answer dated May 3, 2023, served and accepted, unanimously affirmed, without costs. Order, same court and Justice, entered November 15, 2024, which, upon reargument, granted defendant 687 Kings LLC's motion to vacate the court's October 17, 2022 amended order granting plaintiff a default judgment, and deemed King's proposed answer dated May 3, 2023, served and accepted, unanimously affirmed, without costs. Order, same court and Justice, entered November 15, 2024, which, upon reargument, granted defendant FCA and V LLC's motion to vacate the court's September 6, 2022 order granting plaintiff summary judgment, and deemed FCA's proposed answer dated May 3, 2023, served and accepted, unanimously affirmed, without costs.
In March 2021, plaintiff brought three separate foreclosure actions, one for each mortgage on three properties owned by defendant LLCs King and FCA. Nonparty Christopher McGuire is the sole member of King and FCA, however, he did not manage the companies. Christopher's son, Francis McGuire, created false operating agreements that stated he was the sole owner of the LLCs. Plaintiff served each of the three complaints at the LLCs' address for service of process registered with the Secretary of State. Francis resided at that address. It is undisputed that Francis did not tell his father about the complaints or the notes and mortgages on the three properties he granted to plaintiff. Christopher did not learn of the foreclosure actions until March 2023, shortly after Francis, who began behaving erratically in or around November 2022, was committed involuntarily to a psychiatric hospital. It was only then that Christopher, in going through Francis's belongings, became aware of the existence of the three actions.
In 2022, prior to Christopher learning of the three actions, plaintiff was granted a default judgment against King in two of the foreclosure actions and granted summary judgment in the FCA foreclosure action. In May 2023, the LLCs moved to vacate the two default judgments and the summary judgment order. Supreme Court denied the motions, after a traverse hearing, finding that the LLCs had been duly served when Francis accepted service of the complaints at the address listed with the Secretary of State.
Defendant LLCs moved to reargue the three related foreclosure actions, seeking to vacate the summary judgment order in the FCA action and the default judgments in the two King actions in the interest of justice. Under these unique circumstances, Supreme Court did not improvidently exercise its discretion in granting defendant LLCs' motions to vacate the prior judgments and order in the interest of justice (see City of New York v OTR Media Group, Inc., 175 AD3d 1163 [1st Dept 2019]; Cox v Marshall, 161 AD3d 1140, 1141 [2d Dept 2018]; U.S. Banks N.A. v Losner, 145 AD3d 935 [2d Dept 2016]). Francis actively prevented Christopher, the LLC's sole principal, from learning of the actions, as the two had ceased almost all communication before plaintiff commenced the foreclosures. Additionally, fraud or mistake, which may have prevented Christopher from answering, need not be committed by the plaintiff for a court to vacate a judgment in the interest of justice (see Losner, 145 AD3d at 936-937). Furthermore, granting the motions to vacate was not a ruling on the merits of whether Christopher conferred on Francis actual or apparent authority to grant the notes and mortgages, or whether the LLCs were liable thereunder; but rather, by vacating the prior judgments the court simply granted the LLCs the opportunity to interpose an answer and litigate the matters on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 20, 2025