GIT Capital, LLC v Alexis (2026 NY Slip Op 00495)

GIT Capital, LLC v Alexis

2026 NY Slip Op 00495

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-00741
 (Index No. 603111/19)

[*1]GIT Capital, LLC, respondent, 
vPeter Alexis, et al., defendants, Glenda Alexis, et al., appellants.

Gail M. Blasie, P.C., Garden City, NY, for appellants.
Robert Bichoupan P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property and for declaratory relief, the defendants Glenda Alexis and Leotta Alexis Carr, sued herein as Jane Doe, appeal from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered December 13, 2022. The order, insofar as appealed from, denied those branches of the motion of those defendants which were pursuant to CPLR 5015(a), in effect, to vacate their default in appearing or answering the complaint and an amended judgment of the same court (Julianne T. Capeola, J.) entered May 12, 2021, upon their default in appearing or answering the complaint, declaring the plaintiff to be the record holder and owner of all rights, title and interest in and to the subject property, and to cancel a tax deed dated November 20, 2018, conveying the subject property to the plaintiff.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendants Glenda Alexis and Leotta Alexis Carr, sued herein as Jane Doe, which was pursuant to CPLR 5015(a), in effect, to vacate their default in appearing or answering the complaint and the amended judgment, and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision stating that the denial of that branch of the motion of the defendants Glenda Alexis and Leotta Alexis Carr, sued herein as Jane Doe, which was to cancel the tax deed is without prejudice to renew; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to afford the defendants Glenda Alexis and Leotta Alexis Carr, sued herein as Jane Doe, an opportunity to serve and file an answer within 20 days of service upon them of this decision and order with notice of entry.
In 1979, Peter Alexis and Glenda Alexis purchased certain real property (hereinafter the subject property) situated in the Village of Westbury. Their daughter, Leotta Alexis Carr, sued herein as Jane Doe, resided at the subject property from the age of eight. Peter died in 2007. By warranty deed dated June 6, 2008 (hereinafter the 2008 deed), Glenda, as grantor, conveyed the subject property to herself and Carr, as grantees. The 2008 deed was recorded with the Nassau County Clerk's Office on June 6, 2008. The subject property was designated as Section 11, Block 388, Lots 2 and 19. However, the 2008 deed was erroneously indexed by the Nassau County Clerk's [*2]Office as against Section 11, Block 388, Lot 20. Apparently, this misfiling of the deed resulted from the 2008 deed, as although a portion of the 2008 deed described the land, in part, as "Lot 2," the abbreviated legal description indicated, in part, that it was Lot "20."
Allegedly, Village taxes due on the subject property for the 2014 tax year, amounting to $876.88, were unpaid. In 2015, a tax lien sale was held, resulting in the Village issuing a tax sale certificate to the plaintiff. By tax deed dated November 20, 2018, the Village conveyed the subject property to the plaintiff.
In 2019, the plaintiff commenced this action pursuant to RPAPL article 15. The plaintiff named as the defendants, Peter, Glenda, New York State Department of Tax & Finance, John Doe #1-10, and Jane Doe #1-10. No defendant appeared or answered the complaint. The Supreme Court, in a judgment entered June 6, 2019, declared the plaintiff to be the record holder and owner of all rights, title, and interest in and to the subject property. The court issued an amended judgment entered May 12, 2021, making a correction to the lot designation. Thereafter, Glenda and Carr (hereinafter together the appellants) moved, inter alia, pursuant to CPLR 5015(a), in effect, to vacate their default in appearing or answering the complaint and the amended judgment and to cancel the tax deed. In an order entered December 13, 2022, the court, among other things, denied those branches of the appellants' motion. This appeal ensued.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "In addition to the grounds set forth in [CPLR] 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (id.; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226). When a court determines a motion pursuant to CPLR 5015(a), consideration must be given to the facts of the particular case, the equities affecting each party and others affected by the judgment or order, and the grounds for vacatur (see Nash v Port Auth. of N.Y. & N.J., 22 NY3d at 226).
Under the unique circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which was pursuant to CPLR 5015(a), in effect, to vacate their default in appearing or answering the complaint and the amended judgment in the interest of justice (cf. Dorji v Maruti Ravami, LLC, 238 AD3d 855; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305).
The parties' remaining contentions either need not be addressed in light of our determination, are without merit, or are not properly before us.
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court