Deep v City of New York (2020 NY Slip Op 02622)





Deep v City of New York


2020 NY Slip Op 02622


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00126
 (Index No. 516976/16)

[*1]Kiran Deep, appellant, 
v
City of New York, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Marcia K. Raicus of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Daniel Matza-Brown of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 14, 2018. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate a prior order of the same court dated June 22, 2018, granting the defendants' unopposed motion for summary judgment dismissing the complaint.
ORDERED that the order dated September 14, 2018, is affirmed, with costs.
The plaintiff allegedly was injured when the vehicle she was operating collided with a vehicle owned by the defendant City of New York and operated by the defendant Jason O. Altoro, who was employed by the defendant City of New York Department of Parks and Recreation. The plaintiff subsequently commenced this action to recover damages for personal injuries.
The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The defendants' motion was originally returnable on April 13, 2018, but was adjourned to May 11, 2018. On May 11, 2018, the plaintiff requested an adjournment and the Supreme Court issued an order which adjourned the motion to June 22, 2018, and directed that opposition to the motion be served by June 1, 2018. Approximately two weeks prior to June 22, 2018, the plaintiff's attorney contacted the court to request another adjournment, contending that she was waiting for an expert report necessary to oppose the motion, and was advised that any request for an adjournment had to be made at the calendar call on the scheduled return date of the motion. The plaintiff did not serve any papers in opposition to the defendants' motion and did not appear in court on June 22, 2018. By order dated June 22, 2018, the court granted the defendants' unopposed motion for summary judgment dismissing the complaint.
Thereafter, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated June 22, 2018. By order dated September 14, 2018, the Supreme Court denied the [*2]plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 5015, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . excusable default" (CPLR 5015[a][1]). "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Harrison v Toyloy, 174 AD3d 579, 580; see Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792; see Harrison v Toyloy, 174 AD3d at 580). "Upon an application satisfying the requirements of . . . subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure" (CPLR 2005).
Here, the Supreme Court providently exercised its discretion in declining to accept the plaintiff's proffered excuse of law office failure, more specifically that the plaintiff's default in appearing in court on June 22, 2018, was due to law office failure occasioned by a "clerical error," which resulted in "the date being miscalendared," since it was not supported by a "detailed and credible explanation of the default" (Vujanic v Petrovic, 103 AD3d at 792 [internal quotation marks omitted]; see Servilus v Walcott, 148 AD3d 743, 744; Dobbyn-Blackmore v City of New York, 123 AD3d 1083, 1084).
The plaintiff's attorney's additional contention, that a misspelling of her firm's name in "ecourts" resulted in the matter not appearing in the firm's calendar, was improperly raised for the first time in reply (see Harrison v Toyloy, 174 AD3d at 580) and, in any event, under the circumstances presented, failed to establish a reasonable excuse for the plaintiff's default in appearing in court on June 22, 2018.
Moreover, the Supreme Court's determination that the plaintiff's default was not occasioned by law office failure, but rather was due to willful neglect, is supported by evidence in the record that approximately two weeks prior to the scheduled return date of the motion, the plaintiff's attorney contacted the court in order to request an adjournment and was advised that any application for an adjournment had to be made at the calendar call on the scheduled return date of the motion.
Furthermore, the plaintiff's attorney's conclusory assertion that she could not timely oppose the defendants' motion, because she was waiting for an expert report, was insufficient to establish a reasonable excuse for the plaintiff's default in opposing the motion (see Harrison v Toyloy, 174 AD3d at 580; Jin Chengri v Su Yonh Choi, 153 AD3d 911, 912).
As the plaintiff failed to establish a reasonable excuse for her default, it is unnecessary to determine whether she had a potentially meritorious opposition to the defendants' motion (see Servilus v Walcott, 148 AD3d at 744; Dobbyn-Blackmore v City of New York, 123 AD3d at 1084).
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court