Deutsche Bank Natl. Trust Co. v Hossain (2020 NY Slip Op 05886)





Deutsche Bank Natl. Trust Co. v Hossain


2020 NY Slip Op 05886


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-12950
 (Index No. 705252/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Jahangir Hossain, et al., defendants, Bank of America, N.A., appellant.


Zeichner Ellman & Krause, LLP, New York, NY (Steven S. Rand and Robert Guttmann of counsel), for appellant.
Houser & Allison, APC, New York, NY (Jordan Schur of counsel), for respondent.



DECISION & ORDER
In an action to vacate certain satisfactions of mortgage, the defendant Bank of America, N.A., appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered September 28, 2017. The order, insofar as appealed from, without a hearing, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) and (4) to vacate two orders of the same court, both dated May 2, 2017, inter alia, granting those branches of the plaintiff's unopposed motion which were for leave to enter a default judgment insofar as asserted against it, to vacate certain satisfactions of mortgage, and to reinstate the mortgage lien.
ORDERED that the order entered September 28, 2017, is affirmed insofar as appealed from, with costs.
In March 2007, the defendant Jahangir Hossain acquired title to certain residential property located in Queens. Hossain financed the purchase by executing a mortgage in the amount of $650,000 (hereinafter the subject mortgage). In November 2008, the subject mortgage was assigned to the plaintiff. Thereafter, two satisfactions of mortgage were recorded on June 22, 2009, and July 7, 2009, respectively, indicating that the subject mortgage had been satisfied and discharged. In September 2009, the defendant Sultana Razia acquired title to the subject property and executed a mortgage in favor of the defendant Bank of America, N.A. (hereinafter BOA).
In 2016, the plaintiff commenced this action against, among others, BOA, to vacate the satisfactions of mortgage and to reinstate the subject mortgage, alleging, inter alia, that the satisfactions of mortgage were fraudulently issued and that the subject mortgage remained unsatisfied. BOA did not answer or appear in the action. In two orders, both dated May 2, 2017, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment, to vacate the satisfactions of mortgage, and to reinstate the subject mortgage. Thereafter, BOA moved, inter alia, pursuant to CPLR 5015(a)(1) and (4), to vacate the orders dated May 2, 2017. By order entered September 28, 2017, the court denied BOA's motion. BOA appeals.
When a defendant seeking to vacate a default raises both a jurisdictional objection pursuant to CPLR 5015(a)(4) and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), "the [*2]court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Canelas v Flores, 112 AD3d 871, 871; see HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045). "While [a] process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service, where there is a sworn denial that delivery to the defendant was accomplished, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714 [citation and internal quotation marks omitted]). However, "[t]he mere denial of the receipt of the summons and complaint is insufficient to rebut the presumption of service established by a process server's affidavit" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997 [internal quotation marks omitted]; see U.S. Bank N.A. v Bienenstock, 184 AD3d 593, 594). Here, the process server's affidavit constituted prima facie evidence that BOA was served with process pursuant to CPLR 311(a)(1), and BOA's submissions in support of its motion were insufficient to rebut the presumption of proper service to warrant a hearing (see Robert K. Lesser Living Trust, Dated Apr. 21, 2005 v United Secular Am. Ctr. for the Disabled, Inc., 164 AD3d 1659, 1660; Konig v Hermitage Ins. Co., 93 AD3d 643, 647; U.S. Natl. Bank Assn. v Melton, 90 AD3d 742, 743). Accordingly, we agree with the Supreme Court's determination denying that branch of BOA's motion which was pursuant to CPLR 5015(a)(4) to vacate the orders dated May 2, 2017.
We also agree with the Supreme Court's determination denying that branch of BOA's motion which was pursuant to CPLR 5015(a)(1). "A party seeking to vacate a default pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the failure to appear and answer the complaint and a potentially meritorious defense to the action" (Nationstar Mtge., LLC v McLean, 140 AD3d 1131, 1132). Here, BOA failed to demonstrate a reasonable excuse for its default (see CitiMortgage, Inc. v Sergiadis, 183 AD3d 693, 694; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893; Wells Fargo Bank, NA v Patel, 175 AD3d 1350, 1352). Since BOA failed to proffer a reasonable excuse, this Court need not consider whether it demonstrated the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561).
BOA's contentions regarding its subsequent motion for leave to renew and reargue, which was denied in an order entered April 23, 2018, are not properly before this Court on this appeal (see Scully-Weinmuller v Gigante, 167 AD3d 961, 961; Studer v Newpointe Estates Condominium, 152 AD3d 555, 558).
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court