Gross v Lebel (2021 NY Slip Op 06160)





Gross v Lebel


2021 NY Slip Op 06160


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-11874
 (Index No. 17489/09)

[*1]Lonnie S. Gross, respondent,
v
Alex Lebel, et al., appellants.


Anthony M. Bramante, Brooklyn, NY, for appellants.
Rubin & Rothman, LLC, Islandia, NY (Eric S. Pillischer of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 8, 2018. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate a judgment of the same court (Bernard J. Graham, J.), entered December 22, 2014, upon their default in appearing for trial.
ORDERED that the order is affirmed, with costs.
A default judgment was entered against the defendants on December 22, 2014, after they defaulted in appearing at trial and an inquest was conducted. That judgment was served on the defendants with notice of entry on December 26, 2014. By order to show cause dated February 13, 2018, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the default judgment. In an order dated June 8, 2018, the Supreme Court denied the defendants' motion. The defendants appeal.
That branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the judgment entered upon their default was untimely (see Barnett v Diamond Fin. Co., Inc., 187 AD3d 974, 975; US Natl. Bank Assn. v Melton, 90 AD3d 742, 744). Moreover, the defendants failed to demonstrate either a reasonable excuse for the default or a potentially meritorious defense to the action (see Cox v Marshall, 161 AD3d 1140, 1141). Accordingly, the Supreme Court properly denied that branch of the defendants' motion.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court