U.S. Bank N.A. v Dass (2021 NY Slip Op 07304)





U.S. Bank N.A. v Dass


2021 NY Slip Op 07304


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-13295
 (Index No. 700754/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Paltoo Dass, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Gross Polowy LLC, Westbury, NY (Steven J. Vargas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Paltoo Dass and Dindyal Singh appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated May 10, 2018. The order, without a hearing, denied the motion of the defendants Paltoo Dass and Dindyal Singh, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of the same court entered February 28, 2017, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against those defendants and for an order of reference, and appointing a referee to compute the amount due to the plaintiff, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, or, in the alternative, for a hearing to determine the validity of service of process on those defendants.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property located in Queens. The defendants Paltoo Dass and Dindyal Singh (hereinafter together the defendants) failed to appear or answer the complaint. In an order entered February 28, 2017, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. Thereafter, the plaintiff moved, among other things, for a judgment of foreclosure and sale. While that motion was pending, the defendants moved, in effect, pursuant to CPLR 5015(a)(4) to vacate the order entered February 28, 2017, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, or, in the alternative, for a hearing to determine the validity of service of process on them. The Supreme Court, without a hearing, denied the defendants' motion, and they appeal.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589; see US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits'" (Scarano v Scarano, 63 AD3d 716, 716 [citation omitted], quoting [*2]Simonds v Grobman, 277 AD2d 369, 370; see BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689).
Here, the process server's affidavits of service reflect that the defendants were each served pursuant to CPLR 308(2) on February 8, 2014, by delivery of the summons and complaint to a person of suitable age and discretion at the mortgaged premises, followed by the required mailing to the address of the mortgaged premises. Those affidavits of service established, prima facie, proper service of process (see CPLR 308[2]). Contrary to the defendants' contention, their submissions in support of their motion were insufficient to defeat the presumption of proper service or to warrant a hearing as to that matter (see Citimortgage, Inc. v Jimenez, 195 AD3d 594; HSBC Bank US, N.A. v Rahmanan,194 AD3d 792; BAC Home Loans Servicing, LP v Carrasco, 160 AD3d at 689). Accordingly, the Supreme Court properly denied the defendants' motion.
CHAMBERS, J.P., MILLER, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court