Wells Fargo Bank, N.A. v Singh (2022 NY Slip Op 02306)

Wells Fargo Bank, N.A. v Singh

2022 NY Slip Op 02306

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2018-14287
 (Index No. 707407/16)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Dindyal Singh, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dindyal Singh appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered November 16, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a) to vacate an order of reference of the same court dated February 28, 2017, and a judgment of foreclosure and sale of the same court dated August 4, 2017, insofar as it is against him, issued upon his failure to appear or answer the complaint, to set aside the foreclosure sale and to vacate the referee's deed, and pursuant to CPLR 3012(d) for leave to serve a late answer, or (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage, the Supreme Court issued an order of reference dated February 28, 2017, and entered a judgment of foreclosure and sale dated August 4, 2017, against the defendant Dindyal Singh (hereinafter the defendant) upon his default in appearing or answering the complaint. A foreclosure sale of the property occurred on March 2, 2018. The defendant moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the order of reference and the judgment of foreclosure and sale, to set aside the foreclosure sale and to vacate the referee's deed, and pursuant to CPLR 3012(d) for leave to serve a late answer; or pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was never served with the summons and complaint and, therefore, the court lacked personal jurisdiction over him. The plaintiff opposed the defendant's motion. In an order entered November 16, 2018, the court, inter alia, denied those branches of the defendant's motion, and the defendant appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (U.S. Bank N.A. v Giraldo, 192 AD3d 720, 721 [internal quotation marks omitted]). "The burden of proving that personal jurisdiction has been acquired over a defendant in [*2]an action rests with the plaintiff" (id. at 721 [internal quotation marks omitted]).
In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made by delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence (see Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807).
"Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (id. at 807). "Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (id.). "[N]o hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (U.S. Bank N.A. v Dass, 200 AD3d 1003, 1004 [internal quotation marks omitted]).
Here, the process server's affidavit of service constituted prima facie evidence of valid service pursuant to CPLR 308(2). The process server stated, inter alia, that he delivered the relevant papers at the defendant's dwelling to "Raghunath Singh," and provided a physical description of that individual. The defendant's submissions in support of his motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him were insufficient to rebut the presumption of proper service or to warrant a hearing. The affidavits submitted by the defendant failed to deny knowledge that a person matching the physical description of Raghunath Singh was present and accepted service on behalf of the defendant on the date of alleged service (see U.S. Bank N.A. v Dass, 200 AD3d at 1005; US Bank N.A. v Cooper, 191 AD3d 1035, 1036; Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1041; US Bank N.A. v Ramos, 153 AD3d 882, 884; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967; cf. Bank of N.Y. Mellon v Ziangos, 194 AD3d 778, 779). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the order of reference and the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
"A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense" (Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698, 699). Here, the defendant failed to offer a reasonable excuse for his default, and therefore, it is not necessary to determine whether he demonstrated a potentially meritorious defense to the action (see US Bank N.A. v Cooper, 191 AD3d at 1037; Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d at 699). Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) and 3012(d) to vacate his default and for leave to serve a late answer.
The defendant has not established that the delay of the foreclosure sale prejudiced a substantial right (see CPLR 2003; RPAPL 1351[1]; Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d 975, 977; Associates Fin. Servs. v Davis, 133 AD2d 601, 602). The defendant also failed to set forth any evidence of fraud, collusion, mistake, or misconduct that casts suspicion on the fairness of the sale (see Concept 9, LLC v 614 Realty, LLC, 189 AD3d 992, 993; Emigrant Mtge. Co., Inc. v Hartman, 173 AD3d at 977). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to set aside the foreclosure sale and to vacate the referee's deed.
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court