Deutsche Bank Natl. Trust Co. v Fernandez (2022 NY Slip Op 05150)

Deutsche Bank Natl. Trust Co. v Fernandez

2022 NY Slip Op 05150

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-00103
 (Index No. 22490/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Fanny E. Fernandez, et al., appellants, et al., defendants. Christopher Thompson, West Islip, NY, for appellants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Ryan D. Mitola of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendants Fanny E. Fernandez and Felipe A. Fernandez appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 25, 2020. The order, insofar as appealed from, denied that branch of the renewed motion of those defendants which was pursuant to CPLR 5015(a) to vacate an order of the same court (Thomas P. Phelan, J.) entered July 19, 2010, and an order and judgment of foreclosure and sale (one paper) of the same court (Thomas A. Adams, J.) entered June 13, 2011.
ORDERED that the order entered February 25, 2020, is affirmed insofar as appealed from, with costs.
The defendants Fanny E. Fernandez and Felipe A. Fernandez (hereinafter together the defendants) are the record owners of residential property located in Floral Park. Fanny executed, in favor of the plaintiff's predecessor in interest, a note secured by a mortgage on the property. In November 2009, the plaintiff commenced this action, inter alia, to foreclose the mortgage, alleging that the defendants defaulted in making payments on the debt. The defendants failed to appear in the action or answer the complaint. In an order entered July 19, 2010, the Supreme Court granted the plaintiff's motion, inter alia, for an order of reference. On June 13, 2011, the court entered an order and judgment of foreclosure and sale. In May 2012, the defendants moved, inter alia, pursuant to CPLR 5015(a) to vacate the order entered July 19, 2010, and the order and judgment of foreclosure and sale. In an order entered October 18, 2012, the court denied the defendants' motion on the ground that the defendants had failed to properly serve their motion papers and granted them leave to renew the motion.
In January 2020, the defendants made a renewed motion pursuant to CPLR 5015(a), inter alia, to vacate the order entered July 19, 2010, and the order and judgment of foreclosure and sale. In an order entered February 25, 2020, the Supreme Court, among other things, denied that branch of the renewed motion. The defendants appeal.
"The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there [*2]is support in the record therefor" (U.S. Bank N.A. v Losner, 145 AD3d 935, 936 [internal quotation marks omitted]; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305). Where "a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default" (Rattner v Fessler, 202 AD3d 1011, 1015; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1185; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897). "The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff" (Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 733 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1185).
"[A] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Singh, 204 AD3d at 733 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1186). "[A] mere conclusory denial of service will not suffice to rebut a prima facie claim of proper service" (Rattner v Fessler, 202 AD3d at 1016; see US Bank N.A. v Cooper, 191 AD3d 1035, 1036; Washington Mut. Bank v Huggins, 140 AD3d 858, 859).
Here, affidavits of service contained sworn allegations reciting that service upon Fanny was made by serving her personally at her residence, and service upon Felipe was made by leaving the summons and complaint with a person of suitable age and discretion, namely, Fanny, at his residence, followed by sending a mailed copy to him at the same address. In support of their motion, the defendants each submitted an affidavit containing a bare and conclusory denial of service. Since their bare and conclusory denials of service were not substantiated by specific, detailed facts that contradicted the affidavits of service, the defendants' submissions failed to rebut the presumption of proper service. The fact that the process server served the defendants at the same time does not rebut the presumption of proper service because the defendants resided at the same address and they did not dispute the claim that the address of service was their usual place of abode (see Washington Mut. Bank v Huggins, 140 AD3d at 859). Accordingly, the defendants did not establish that vacatur of the order entered July 19, 2010, and the order and judgment of foreclosure and sale was warranted pursuant to CPLR 5015(a)(4).
To the extent that the defendants moved pursuant to CPLR 5015(a)(1) to vacate the order entered July 19, 2010, and the order and judgment of foreclosure and sale, that branch of their renewed motion was untimely since it was not made "within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (id.; see Gross v Lebel, 199 AD3d 780, 780; Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987; US Natl. Bank Assn. v Melton, 90 AD3d 742, 744). "While the Supreme Court has the inherent authority to vacate a judgment in the interest of justice even after the statutory one-year period has lapsed" (HSBC Bank USA, N.A. v Miller, 121 AD3d 1044, 1045-1046), here, the defendants failed to establish a reasonable excuse for their default in appearing in the action. Thus, it is unnecessary to consider whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Singh, 204 AD3d at 734; Rattner v Fessler, 202 AD3d at 1016; Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d at 988; JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d at 1186).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., ROMAN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court