U.S. Bank N.A. v Hunte (2023 NY Slip Op 02022)

U.S. Bank N.A. v Hunte

2023 NY Slip Op 02022

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-03249
 (Index No. 521272/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Adrian Hunte, et al., defendants, John Surita, et al., appellants. 

Law Office of Alan J. Sasson P.C., Brooklyn, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants John Surita and Migdalia Surita appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated December 17, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference, and, in effect, denied those defendants' cross-motion pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 18, 2006, the defendant Adrian Hunte (hereinafter the borrower) executed a note in the amount of $440,000 in favor of nonparty Mortgage Lenders Network USA, Inc. (hereinafter Mortgage Lenders). The note was secured by a mortgage on certain real property located in Brooklyn.
On October 22, 2018, the plaintiff, Mortgage Lenders' successor in interest, commenced the instant action to foreclose the mortgage against the defendants John Surita and Migdalia Surita (hereinafter together the defendants), among others. The defendants served their answer on June 6, 2019. The plaintiff rejected the defendants' answer as untimely.
On or about August 20, 2019, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and pursuant to CPLR 3012(d) for leave to serve a late answer. In support of the cross-motion, the defendants argued that such an extension "would not prejudice the Plaintiff[,]" and that the defendants' "meritorious defenses should be allowed." The defendants further argued that the plaintiff failed to establish standing. In opposition to the cross-motion, the plaintiff argued, among other things, that the defendants failed to allege a reasonable excuse for their failure to timely serve an answer.
In an order dated December 17, 2019, the Supreme Court, inter alia, granted those [*2]branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and, in effect, denied the defendants' cross-motion to vacate their default in answering the complaint and for leave to serve a late answer. The defendants appeal.
As a threshold matter, the plaintiff demonstrated its entitlement to a default judgment against the defendants pursuant to CPLR 3215 and an order of reference. The plaintiff submitted proof of service of the summons and the complaint, proof of the facts constituting the cause of action, including that the borrower defaulted on his payment obligations, and proof of the defendants' default in answering (see id.; Citimortgage, Inc. v Barton, 212 AD3d 706, 707; Rattner v Fessler, 202 AD3d 1011, 1014).
A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). A motion to vacate a default is addressed to the sound discretion of the court (see Wilmington Trust N.A. v Ashe, 189 AD3d 1130, 1131; Pusey v Morales, 181 AD3d 621, 623).
Here, in support of their cross-motion, the defendants failed to assert that they had a reasonable excuse for failing to timely answer the complaint. The defendants' contention that their answer "was inadvertently filed late" was improperly raised for the first time in the defendants' reply papers (see U.S. Bank N.A. v Crockett, 201 AD3d 767, 769), and, in any event, is not a reasonable excuse (see CitiMortgage, Inc. v Sergiadis, 183 AD3d 693, 694; Deep v City of New York, 183 AD3d 586, 587). Under these circumstances, the defendants failed to offer a reasonable excuse for their default.
In any event, the defendants failed to demonstrate a potentially meritorious defense to the action. With respect to the defendants' contention that the plaintiff lacked standing, the plaintiff established its standing by attaching to the complaint a certified copy of the note with an allonge containing an endorsement in blank (see Bayview Loan Servicing, LLC v Caracappa, 202 AD3d 900, 901; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). We note that the photocopy of the allonge includes the image of a paper clip and hole-punch marks that match the hole-punch marks on the note, establishing that the allonge was affixed to the note (see generally UCC 3-202[2]).
The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court (see Deutsche Bank Natl. Trust Co. v Pezzola, 199 AD3d 877, 878-879).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and, in effect, denied the defendants' cross-motion to vacate their default in answering the complaint and for leave to serve a late answer.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court