Heitner v Capital One, Natl. Assn. (2024 NY Slip Op 02175)

Heitner v Capital One, Natl. Assn.

2024 NY Slip Op 02175

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-01146 
2021-04343
 (Index No. 602920/19)

[*1]Walter Heitner, Jr., et al., respondents, 
v
Capital One, National Association, etc., et al., defendants, Deutsche Bank National Trust Company, etc., appellant.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.
PM Law P.C., New York, NY (Pankaj Malik of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant Deutsche Bank National Trust Company appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 4, 2021, and (2) an order of the same court entered May 12, 2021. The order entered February 4, 2021, (1) denied that defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of the same court entered February 4, 2020, upon that defendant's failure to appear or answer the complaint, and pursuant to CPLR 3012(d) for leave to serve a late answer, (2) granted the plaintiffs' cross-motion for an award of attorneys' fees pursuant to Real Property Law § 282 to the extent of awarding attorneys' fees in the sum of $7,500, and (3) granted the plaintiffs' motion to cancel a notice of pendency filed in a related action to foreclose the mortgage. The order entered May 12, 2021, upon the order entered February 4, 2021, awarded attorneys' fees to the plaintiffs in the sum of $7,500, and cancelled the notice of pendency.
ORDERED that the appeals from so much of the order entered February 4, 2021, as granted the plaintiffs' motion to cancel a notice of pendency filed in a related action to foreclose the mortgage, and from so much of the order entered May 12, 2021, as cancelled the notice of pendency, are dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order entered February 4, 2021, is modified, on the law, by deleting the provision thereof granting the plaintiffs' cross-motion for an award of attorneys' fees pursuant to Real Property Law § 282 to the extent of awarding attorneys' fees in the sum of $7,500, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order entered May 12, 2021, is reversed insofar as reviewed, on the law, without costs or disbursements.
In November 2006, the plaintiffs, Walter Heitner, Jr., and Gail Heitner, executed a [*2]note in the principal sum of $450,000, which was secured by a mortgage on certain real property located in Wantagh. In 2009, the defendant Deutsche Bank National Trust Company (hereinafter the defendant) commenced an action to foreclose the mortgage, which was thereafter dismissed.
On or about March 1, 2019, the plaintiffs commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations for commencing a foreclosure action had expired. The defendant failed to appear or answer the complaint. In an order entered November 13, 2019, the Supreme Court granted the plaintiffs' unopposed motion, among other things, for leave to enter a default judgment against the defendant. On February 4, 2020, a judgment was entered in favor of the plaintiffs and against the defendant, among others, inter alia, cancelling and discharging of record the mortgage.
On May 29, 2020, the defendant moved pursuant to CPLR 5015(a) to vacate the judgment, and pursuant to CPLR 3012(d) for leave to serve a late answer. In its motion, the defendant asserted that its default should be excused pursuant to CPLR 5015(a)(1) or, alternatively, in the interest of substantial justice. The plaintiffs opposed the motion and cross-moved for an award of attorneys' fees pursuant to Real Property Law § 282. By separate motion, the plaintiffs sought to cancel a notice of pendency filed in an action to foreclose the mortgage commenced against them by the defendant on or about March 19, 2019, after the commencement of the instant action (hereinafter the 2019 foreclosure action).
By order entered February 4, 2021, the Supreme Court denied the defendant's motion, granted the plaintiffs' cross-motion to the extent of awarding them attorneys' fees in the sum of $7,500, and granted the plaintiffs' motion to cancel the notice of pendency filed in the 2019 foreclosure action. By order entered May 12, 2021, the court awarded attorneys' fees to the plaintiffs in the sum of $7,500, and cancelled the notice of pendency. The defendant appeals from both orders.
The appeals from so much of the orders as, respectively, granted the plaintiffs' motion to cancel the notice of pendency filed in the 2019 foreclosure action and cancelled the notice of pendency must be dismissed as academic, as the notice of pendency expired and is a nullity (see CPLR 6513; Matter of Sakow, 97 NY2d 436, 442; Deutsch v Grunwald, 138 AD3d 915).
A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see U.S. Bank N.A. v Hunte, 215 AD3d 887, 888; Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). Furthermore, "CPLR 5015(a) does not provide an exhaustive list as to when a default judgment may be vacated, and a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (40 BP, LLC v Katatikarn, 147 AD3d 710, 711; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68).
Here, the Supreme Court did not improvidently exercise its discretion in determining that the defendant failed to establish a reasonable excuse for its default in appearing or answering the complaint (see U.S. Bank N.A. v Hunte, 215 AD3d at 889; Deep v City of New York, 183 AD3d 586). In any event, the defendant failed to demonstrate the existence of a potentially meritorious defense to the action (see Deutsche Bank Natl. Trust Co. v Heitner, _____ AD3d _____ [decided herewith]). Furthermore, as the 2019 foreclosure action was time-barred (see id.), vacatur of the judgment in the instant action is not warranted in the interest of substantial justice.
The Supreme Court erred, however, in granting the plaintiffs' cross-motion for an award of attorneys' fees. Real Property Law § 282(1) provides that under certain circumstances, a mortgagor can recover from the mortgagee "the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract," and that "such fees and expenses may be recovered as provided by law in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." Here, the plaintiffs have not asserted a cause of action to recover such attorneys' fees and expenses, and thus, the court should not have awarded attorneys' fees to the plaintiffs (see U.S. Bank N.A. v [*3]Onuoha, 216 AD3d 1069, 1073).
The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court