JPMorgan Chase Bank, N.A. v Horsfield (2024 NY Slip Op 02528)

JPMorgan Chase Bank, N.A. v Horsfield

2024 NY Slip Op 02528

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-14406 
2020-00174
2022-04922
2022-05838
 (Index No. 601039/19)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Craig Horsfield, etc., et al., appellants, et al., defendants.

Christopher Thompson, West Islip, NY (Dominick Callegari and Austin T. Shufelt of counsel), for appellants.
Parker Ibrahim & Berg LLP, New York, NY (Diane C. Ragosa, Scott W. Parker, and Mark S. Winter of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Craig Horsfield and Sean Horsfield appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated November 18, 2019, (2) an order of the same court dated December 19, 2019, (3) an order of the same court (S. Betsy Heckman Torres, J.), dated June 2, 2022, and (4) an order and judgment of foreclosure and sale (one paper) of the same court, also dated June 2, 2022. The order dated November 18, 2019, insofar as appealed from, denied those branches of the cross-motion of the defendants Craig Horsfield and Sean Horsfield which were pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and for leave to serve a late answer. The order dated December 19, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against those defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. The order dated June 2, 2022, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief to the plaintiff as the order dated June 2, 2022, confirmed the referee's report, and directed the sale of the subject property.

DECISION & ORDER
Motion by the respondent to dismiss the appeals from the orders dated November 18, 2019, and December 19, 2019, on the ground that the right of direct appeal from those orders terminated upon the entry of the order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated November 18, 2022, the respondent's motion was held in abeyance and referred to the panel of Justices hearing these appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders dated November [*2]18, 2019, and December 19, 2019, is granted; and it is further,
ORDERED that the appeals from the orders dated November 18, 2019, December 19, 2019, and June 2, 2022, are dismissed, without costs or disbursements; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants Craig Horsfield and Sean Horsfield and for an order of reference are denied, the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale is denied, and the orders dated December 19, 2019, and June 2, 2022, are modified accordingly.
The appeals from the orders dated November 18, 2019, December 19, 2019, and June 2, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
In August 2003, Donald Horsfield and Beverly Horsfield (hereinafter together the borrowers) executed a note in the principal sum of $131,700, which was secured by a mortgage encumbering certain real property located in Ronkonkoma. In May 2007, the borrowers executed another note in the principal sum of $247,008.08, which was secured by a second mortgage encumbering the subject property. Also in May 2007, the borrowers executed a consolidation, extension, and modification agreement, along with a consolidated note, which was secured by a consolidated mortgage on the property, whereby the unpaid principal balance of the two notes, and the corresponding mortgages, were consolidated into a single lien.
In January 2019, the plaintiff commenced this action against, among others, the defendants Craig Horsfield and Sean Horsfield (hereinafter together the defendants), as executors and cotrustees of the estate of Donald Horsfield, to foreclose the consolidated mortgage. The defendants failed to timely appear or answer the complaint.
The plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved, among other things, pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and for leave to serve a late answer. In an order dated November 18, 2019, the Supreme Court, inter alia, denied those branches of the defendants' cross-motion. The court also determined that the plaintiff's submissions were insufficient to demonstrate its entitlement to enter a default judgment and for an order of reference, as the plaintiff relied upon an affidavit from a vice president of the plaintiff, which was not accompanied by the business records upon which the affiant relied. Rather than deny the plaintiff's motion, however, the court "adjourned" that motion to permit the plaintiff to submit the business records relied upon by the affiant, and stated that the defendants had no right to submit opposition to the plaintiff's application. In an order dated December 19, 2019, following the plaintiff's submission of those business records, the court, among other things, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale, and the Supreme Court granted that motion in an order dated June 2, 2022. Also on June 2, 2022, the court issued an order and judgment of foreclosure and sale granting the same relief to the plaintiff, confirming the referee's report, and directing the sale of the property. The defendants appeal.
"'Where, as here, a foreclosure complaint is not verified, CPLR 3215(f) states, among other things, that upon any application for a judgment by default, proof of the facts constituting the claim, the default, and the amount due are to be set forth in an affidavit made by the party'" (HSBC [*3]Bank USA, N.A. v Cooper, 157 AD3d 775, 776, quoting HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736). Here, in support of its motion, inter alia, for leave to enter a default judgment, the plaintiff submitted, among other things, an affidavit from Holly Freedman, a vice president of the plaintiff. Freedman averred that her affidavit was based upon her review of business records maintained by the plaintiff in the ordinary course of business. However, as the defendants argued in opposition to the plaintiff's motion, the plaintiff failed to attach the business records upon which Freedman relied to make her assertions regarding the date of the borrowers' default under the consolidated note and mortgage and the amount due to the plaintiff. Thus, Freedman's factual assertions based upon those records constituted inadmissible hearsay, and her affidavit was insufficient to demonstrate proof of the facts constituting the claim and the amount due (see CPLR 3215[f]; U.S. Bank N.A. v Simpson, 216 AD3d 1043, 1045; 799 Crown St., LLC v Leblanc, 203 AD3d 1117, 1119; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633). Where the defendants were given no opportunity to submit a response to the plaintiff's additional submissions, the plaintiff could not satisfy its burden of demonstrating proof of the facts constituting the claim and the amount due by submitting the business records upon which Freedman's affidavit was based for the first time after the submission of its reply papers (see National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d 860, 861-862; Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; cf. Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 778; Valure v Century 21 Grand, 35 AD3d 591, 592). Accordingly, we reverse the order and judgment of foreclosure and sale and deny those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference.
Nevertheless, the Supreme Court properly denied those branches of the defendants' cross-motion which were pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and for leave to serve a late answer. "A party seeking to vacate his or her default in answering the complaint pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action" (U.S. Bank N.A. v Hunte, 215 AD3d 887, 888; see Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). "A motion to vacate a default is addressed to the sound discretion of the court" (U.S. Bank N.A. v Hunte, 215 AD3d at 888; see Bank of N.Y. v Pieloch, 217 AD3d 647, 649). Here, the defendants' bare and unsubstantiated assertions that unidentified individuals assured them that the plaintiff would delay proceeding with the foreclosure action until the defendants sold the property were insufficient to establish a reasonable excuse for their default (see U.S. Bank N.A. v Carucci, 217 AD3d 894, 895; US Bank, N.A. v Samuel, 138 AD3d 1105, 1107). Since the defendants failed to proffer a reasonable excuse for their default, we need not consider whether they demonstrated the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of the defendants' cross-motion which were pursuant to CPLR 5015(a)(1) to vacate their default in answering the complaint and for leave to serve a late answer. However, the court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendants and for an order of reference, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
DILLON, J.P., MILLER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court