Wells Fargo Vendor Fin. Servs., LLC v Elslawy (2024 NY Slip Op 04099)

Wells Fargo Vendor Fin. Servs., LLC v Elslawy

2024 NY Slip Op 04099

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-08806
 (Index No. 524393/17)

[*1]Wells Fargo Vendor Financial Services, LLC, respondent, 
v
Mohamed Elslawy, etc., defendant, Masood Bhutta, etc., et al., appellants.

Law Office of Charlie Vargas P.C., Brooklyn, NY, for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Masood Bhutta and Tahir Bhutta appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated October 22, 2020. The order denied those defendants' motion to vacate so much of a judgment of the same court dated July 26, 2019, as, upon an order of the same court dated April 15, 2019, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against them, was in favor of the plaintiff and against them in the principal sum of $708,751.80.
ORDERED that the order dated October 22, 2020, is affirmed, without costs or disbursements.
The defendants Masood Bhutta and Tahir Bhutta (hereinafter together the Bhuttas) were collectively the majority owners of Big Sasco Tools Rental Corp., a corporation that rented construction equipment to construction companies and sold tools and products to customers in the construction trade. In April 2015, the Bhuttas' business partner, the defendant Mohamed Elslawy, on behalf of Big Sasco Tool & Equipment Rental Corp., entered into an agreement with the plaintiff's assignor, whereby the assignor advanced certain funds to the corporation, the corporation used those funds to finance the purchase of several pieces of construction equipment (hereinafter the subject equipment), and, in turn, the corporation granted the assignor a security interest in the subject equipment.
The plaintiff commenced this action against the Bhuttas and Elslawy, inter alia, to recover damages for breach of the agreement and for possession of the subject equipment. The Bhuttas failed to answer the complaint or otherwise appear in the action. In an order dated April 15, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the Bhuttas. The court issued a judgment dated July 26, 2019, inter alia, in favor of the plaintiff and against the Bhuttas in the principal sum of $708,751.80.
The Bhuttas thereafter moved to vacate so much of the judgment as was in favor of the plaintiff and against them. In an order dated October 22, 2020, the Supreme Court denied the motion, and the Bhuttas appeal.
"'The decision as to the setting aside of a default in answering is generally left to the [*2]sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor'" (Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d 1151, 1152, quoting U.S. Bank N.A. v Losner, 145 AD3d 935, 936; see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). "'The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff'" (Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d at 1152, quoting Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 733). "'[A] process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service'" (id.). "'[A] mere conclusory denial of service will not suffice to rebut a prima facie claim of proper service'" (id., quoting Rattner v Fessler, 202 AD3d 1011, 1016).
Here, affidavits of service filed by the plaintiff contained averments that service upon Masood was made by serving him personally at his residence and service upon Tahir was made by leaving the summons and complaint with a person of suitable age and discretion at his residence, followed by mailing copy to him at the same address. In support of their motion, the Bhuttas each submitted an affidavit. The Bhuttas did not deny receipt of process, but instead, averred that the appellation "D/B/A," meaning "doing business as," which appeared after each of their names in the caption, led them to believe that they were not being sued in their individual capacities. As the Supreme Court properly determined, the Bhuttas' confusion with regard to the caption was insufficient to rebut the plaintiff's prima facie showing of proper service on them (see id.; Rattner v Fessler, 202 AD3d at 1016). Accordingly, the Bhuttas failed to establish their entitlement to vacatur pursuant to CPLR 5015(a)(4).
Likewise, we find no reason to disturb the Supreme Court's determination that the Bhuttas' confusion regarding whether they were being sued individually or on behalf of their corporation did not warrant discretionary vacatur pursuant to CPLR 5015(a)(1) or in the interest of substantial justice (see Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d at 1153; Wells Fargo Bank, N.A. v Singh, 204 AD3d at 734).
The Bhuttas' contention regarding the appointment of a receiver is not properly before this Court (see Archibald v Wells Fargo Bank, N.A., 166 AD3d 573, 574).
The Bhuttas' remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court