Robert M. Spano Plumbing & Heating, Inc. v Summit Farm Realty, Inc. (2025 NY Slip Op 04588)

Robert M. Spano Plumbing & Heating, Inc. v Summit Farm Realty, Inc.

2025 NY Slip Op 04588

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-06720
 (Index No. 58653/20)

[*1]Robert M. Spano Plumbing & Heating, Incorporated, respondent, 
v
Summit Farm Realty, Inc., appellant.

Benowich Law LLP, White Plains, NY (Leonard Benowich of counsel), for appellant.
Anthony J. Pieragostini, Mount Kisco, NY, for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated May 6, 2024. The order denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate a clerk's judgment of the same court entered August 30, 2021, upon the defendant's failure to appear or answer the complaint, which is in favor of the plaintiff and against the defendant in the total sum of $22,974.84.
ORDERED that the order is affirmed, with costs.
The plaintiff, a plumbing and heating business, commenced this action against the defendant, a New York corporation, to recover damages equal to the remaining balance, plus interest and costs from June 9, 2020, for services rendered and materials delivered by the plaintiff to the defendant. The defendant failed to appear or answer the complaint. On August 30, 2021, upon the defendant's default, a clerk's judgment was entered in favor of the plaintiff and against the defendant in the total sum of $22,974.84 (hereinafter the default judgment).
In February 2024, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the default judgment for lack of jurisdiction. The plaintiff opposed the motion. In an order dated May 6, 2024, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm.
"[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Nurhan v Harley, 237 AD3d 728, 729-730 [internal quotation marks omitted]; see Finnegan v Trimarco, 173 AD3d 691, 692). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Nurhan v Harley, 237 AD3d at 730 [internal quotation marks omitted]). "[A] bare and unsubstantiated denial of service is insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit" (id. [internal quotation marks omitted]; see GMAC Mtge., LLC v Eberle, 172 AD3d 822, 823).
Here, the defendant's submissions in support of its motion were insufficient to defeat [*2]the presumption of proper service created by the affidavit of the plaintiff's process server (see Nurhan v Harley, 237 AD3d at 730; see also Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987). The unsigned affidavit submitted in support of the defendant's motion was inadmissible and insufficient to warrant a hearing on the issue of service (see Nurhan v Harley, 237 AD3d at 730; see generally SunTrust Bank v Morris, 169 AD3d 951, 952).
The defendant's remaining contentions are either without merit or improperly raised for the first time in reply (see Pena v Geisinger Community Med. Ctr., 209 AD3d 663, 663).
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the default judgment.
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court